Battle, J.
 

 It is a general rule, that a conveyance of a life-estate in chattels, by deed, is a transfer of the whole interest, and no remainder can bo limited after it. So, a grant or gift of chattels, by deed, with a reservation of a life-estate to the grantor, or donor, will pass nothing, because the life-
 
 *414
 
 estate is the whole interest, and nothing remains for the instrument to operate upon. This rule is well established as law, in this State, as well as in England, as appears by the case, among others, of
 
 Hunt
 
 v. Davis, 3 Dev. and Bat. 42, to which we -were referred by the plaintiff’s counsel. The law has been altered by our Legislature, in relation to slaves, by the act of 1823, (Rev. Code, ch. 37, sec. 21) but remains as it was before, with respect to all other kinds of chattel property.
 

 'Where, from the peculiar phraseology of the instrument, the benefit of an estate for life can be given to the grantor, or donor, by construing the apparent reservation into a covenant, on the part of the grantee, or donee, that the other party shall enjoy the profits of the chattels granted, or given, then,
 
 %it res magis
 
 valeat,
 
 quam gpereat,
 
 the grantee or donee shall take the property, subject to the covenant, to which the grantor, or donor, must resort .for enforcing his rights. Such was the case of
 
 Howell
 
 v. Howell, 7 Ire. Rep. 190, cited and relied on by the defendants’ counsel. No such construction can be put upon the deed now before us, because the donee did not execute the instrument, and therefore, cannot be held to have made any covenant in it. It is a clear case of conveyance of personal chattels other than slaves, with the reservation of a life-estate in the grantor, and comes directly within the operation of the general rule.
 

 The judgment in favor of the defendants must be reversed, and a
 
 .venire de novo
 
 awarded.
 

 Pee CueiaM, Judgment reversed.